No. 3772.—SUCCESSION OF NELSON DURAND—On Oppositions to Tableau of Debts.

A judgment obtained on the allegation that the defendant has permanently left the State is void, if it appear that at the time the attachment was sued out the defendant resided in the State. If the property attached has been alienated before the seizure, and the defendant makes no appearance in the attachment suit, nor has been personally cited, then and in that case the judgment is alike void.

A valid judgment obtained by attachment only operates on the property attached, and forms no personal claim against the defendant or his estate, and such a judgment so obtained should not, therefore, be classed on the tableau filed by the executor as a debt against his succession.

The action to set aside a mortgage on the ground of fraud is prescribed by one year.

The burden of showing that a mortgage is simulated falls upon the parties who allege it.

APPEAL from the Parish Court, parish of Avoyelles. *Edwards*, Parish Judge. *Julien A. Seghers* and *Waddill & Barbin*, for appellees. *Irion & Thorpe*, for opponents and appellants.

HOWE, J.   This case presents the merits of a number of oppositions filed by persons claiming to be creditors, to the tableau of debts pre-

sented by the administratrix, Mrs. Eliza Bowman, widow of Nelson Durand. We will examine them seriatim.

*First*—The claim of the widow for the homestead was properly rejected, and is not urged in this court.

*Second*—The judgment of Segastille Armand seems to have been rejected through error. It was rendered in 1866, and duly recorded. The deceased never contested its validity, and the parties opposing it now have neither furnished any evidence that it is fraudulent, nor any agreement to that end, before this court.

*Third*—The judgments of Mrs. Marius Gauthier and of Mrs. Jean B. Isabelle should have been stricken from the tableau. They were obtained by attachment in the Sixth District Court of New Orleans, in the year 1865, on the allegation that Nelson Durand, the defendant, had permanently left the State. He was at that time, and for some years had been, and was until his death domiciled in and a resident of the parish of Avoyelles. The property attached had been alienated by him by a sale made and duly recorded in 1847, and forms no part of the inventory of the succession. Moreover, he never made appearance, nor was he personally cited. And even if the attachments were valid, and the property seized the property of defendant therein, the judgments would extend only to the property seized, and would neither be personal claims against Nelson Durand nor judicial mortgages against the succession property inventoried herein. 2 An. 563; 4 An. 585; 6 An. 550; 9 An. 524.

*Fourth*—The claim of Mrs. Durand as holder of the notes made by Nelson Durand in favor of Johanna Spiegelhalder, the mother of Mrs. Durand, and secured by special mortgage July 20, 1863, and recorded July 25, 1863, was opposed as fraudulent and simulated, and on the ground that the provisions of the laws of the United States in reference to stamp duties had not been complied with.

The allegation that the mortgage was fraudulent, if it means that the mortgage had a real existence, but was intended to give an illegal preference, is met by the plea of prescription of one year, which should prevail.

The allegation of simulation, which could only be made on the theory that the mortgage had no real existence, is not established. The mortgage was made and recorded as above stated, in July, 1863. It is shown that Mrs. Spiegelhalder had money and property, and was in the habit of making advances to Nelson Durand in his mercantile business. It was natural that she should thus assist her daughter's husband, and that he should protect her by a mortgage. The burden of proving simulation was on the opponents, and we do not think they have proved it.

There is no force in the point made in regard to stamp duties. The

23

notes and mortgage, and the certificate of the actual registry of the mortgage in Avoyelles, in July, 1863, were either not denied, or were received in evidence without objection. The registry was long prior to any of the opponents' judgments. No stamps had been affixed at the time the mortgage was passed, for none were probably to be had in Avoyelles at that date. But in August, 1871, under the provisions of the act of Congress of July 14, 1870, the necessary stamps were placed on the notes by the Collector of Internal Revenue of the Second District of Louisiana, at the request of the holder. The claims of the United States were fully satisfied, and we do not think the opponents have any legal reason to complain of the regularity of the registry of the mortgage, or can say that it does not outrank their subsequent judgments.

Our attention is called to the fact that by the act of Congress of 1866, of which this act of 1870 was an amendment, it is provided that the recording of an instrument under the permission therein allowed to be given is not to affect any right acquired in good faith *prior to such recording*. We do not perceive that this proviso affects this particular case in any manner, for this is not a case where any recording or registry was made after the stamps had been affixed by the Collector of Internal Revenue.

We conclude, then, that the Judge below did not err in refusing to strike these judgments from the tableau.

*Fifth*—We think the judge erred in allowing the claim of L. V. Gremillion, public administrator, for fees or commissions.

The widow was confirmed as natural tutrix, and as such was administering the estate, having had an inventory made. A creditor took proceedings by injunction and to cause himself to be appointed administrator. This matter was afterwards settled by the widow being appointed administratrix, and giving bond. During all this time the estate was being administered by the widow, and we do not think that there was such a " contestation for the administration of the estate" as justified the appointment of the public administrator to " administer it " and entail further expense upon it, during these proceedings, under the second section of the act No. 87, of 1870, p. 120. That section, we presume, refers to a case where, pending a contest by claimants for the administration, there is no one in charge of the property. Any other construction would open a wide field for collusion and spoliation.

It is therefore ordered that the judgment, so far as it rejects the widow's claim for homestead and dismisses the opposition to the mortgage notes and mortgage in favor of J. Spiegelhalder, be affirmed; and that in other respects it be reversed; that the judgments in favor of Mrs. Marius Gauthier and Mrs. Jean B. Isabelle be stricken from

the tableau; that the claim of L. V. Gremillion be also stricken therefrom; that in other respects, as modified by that portion of the decree of the lower court which is herein affirmed by this decree, the said tableau be homologated and approved, and the debts therein recognized, paid according to the rank therein assigned, and in due course of administration; and that the opponents who have appealed pay costs of appeal.

Rehearing refused.