Board of Trustees vs. Migues.

## No. 1079.

### Board of Trustees of New Iberia vs. E. D. Migues.

The town of New Iberia cannot impose a license-tax on draymen, because the power to do so was not granted to it by the Legislature.

APPEAL from the Second Justice Court, Sixth Ward, parish of Iberia. *Hacker*, J.

· C. O. Delahoussaye for Plaintiffs and Appellants. ⁄

W. B. Merchant for Defendant and Appellee :

A municipal corporation can impose no tax on any occupation, unless authorized to do so by its charter. 29 An. 261 ; Cooley's Const. Limit. 193 and 387 ; 29 An. 261.

The opinion of the Court was delivered by

Todd, J.  Suit was brought by the Board of Trustees of New Iberia before a justice of the peace of said town, to recover of the defendant seven dollars and fifty cents as a license-tax on his occupation as drayman within the corporate limits of said town during the year 1879.

The defendant excepted to the action, substantially on the ground that the occupation of drayman was not included in the objects of taxation enumerated in the act of the Legislature incorporating said town, and that, therefore, the ordinance imposing said tax or license was illegal.

There was judgment for the defendant and sustaining the exception, and plaintiffs have appealed.  Act 107 of the acts of 1868, being an amendment of the original act of incorporation, provides :

That the trustees "shall have power to raise money by taxation on all property, movable and immovable, *provided* the same be equal and uniform in value, and by taxing merchants, retailers, grog-shops, billiard-tables, hawkers, peddlers, shows, circuses, menageries, concerts, etc."

It is a well-settled principle of law that the power of a municipal corporation relating to the imposition of taxes and licenses must be exercised within the clear scope of the language of the charter by which this power is conferred.

On this subject, Cooley, in his work on Taxation, page 387, says :

"The general rule that the powers of a municipal corporation are to be construed with strictness, is peculiarly applicable to the case of taxes on occupations.  It is presumed the Legislature has granted in plain terms all it has intended to grant at all.  If it is not manifest that

there has been a purpose by the Legislature to give authority for collecting a revenue by taxes on specified occupations, any exaction for that purpose will be illegal."

Our immediate predecessors in the case of the Mayor et al. vs. Gustave Roth, 29 A. 261, have expressly sanctioned this doctrine. In that case the Court says:

"The charters or acts of incorporation of municipal corporations within the State are the measure as well as the source of their powers.

"No general power to tax occupations, trades, and professions is conferred by the act, and neither the keeping a warehouse or running a dray is among the objects of taxation enumerated in the charter."

It is certain that the language of the charter in this case, which we have quoted above, does not specify or mention expressly the occupation in question, nor can the grant of authority be implied from the words *et cetera*, with which the enumeration in the act closes. If such power could be conferred by implication, from the terms referred to, it could not be reasonably implied that the power to tax extends to all occupations indiscriminately, but only to those of a like nature with those expressly enumerated. But the authorities referred to negative the idea that the power in municipal corporations to tax occupations can exist or be conferred by implication, and in this we concur.

It is therefore ordered that the judgment appealed from be affirmed with costs.