## No. 1087.

### MAYOR AND TRUSTEES OF ST. MARTINSVILLE VS. STEAMER "MARY LEWIS" AND OWNERS.

The power to erect wharves and other artificial facilities on the banks of navigable rivers, and charge tolls for the use of the same, is a franchise which a municipality can only derive from legislative grant. The Act of incorporation of the town of St. Martinsville contains no such grant.

APPEAL from the First Justice's Court, parish of St. Martin. *DeBlanc,* J. P.

Mouton & Martin for Plaintiffs and Appellants.

A municipal corporation, owning improved wharves and other artificial means, which it has provided and maintains at its own cost, for the benefit of those engaged in commerce on the public navigable waters of the United States, is not prohibited by the National Constitution from charging and collecting from those who use its wharves and other facilities, such reasonable fees as will fairly remunerate it.

The sum that is thus charged and exacted by cities and towns is in no just sense a tax or license, but only a contribution or fee for the privilege of using those facilities, and a remuneration of the advantages derived therefrom.

83

A tax or license is equal and uniform when it applies to all under the same circumstances, making no exceptions, and operates uniformly on the class to which it applies.

Jos. A. Breaux for Defendant and Appellee.

First—Corporations can make no improvements on river banks within their limits, nor collect dues or any charge whatever, unless especially authorized by the legislative branch of the government.

Second—They cannot charge wharfage and other dues, unless it be for an equivalent.

Third—When they have authority to impose licenses or levy taxes, they cannot disregard every principle of uniformity and equality.

The opinion of the Court was delivered by

FENNER, J.   Plaintiffs sue defendants for a tax levied under the following ordinance :

" Be it resolved, that the sum of two dollars and fifty cents will be charged and collected from each and every steamboat landing within the limits of the corporation."

The legislative authority, in virtue of which the town claims the right to pass this ordinance, is the ninth section of the Act of incorporation, approved April 6th, 1843, in words following : " That the said trustees are hereby authorized to levy and collect for the use of said town, in such proportions as may appear to them just and equitable, a tax on the following description of persons and property, to wit :

" Landholders, house-holders, free-holders, retailers of merchandize and spiritous liquors, tavern-keepers, private boardings, bar-keepers, keepers of billiard tables, grog-shops, hawkers and peddlers, theatres, shows, plays and exhibitions of every description, boats and water-crafts, steamboats when laying at the port and public landing of said town."

The objections to the tax claimed under the ordinance, as a tax on property, are too obvious and manifold to require serious comment.

It cannot be considered in any other light than as a special tax in the nature of a toll or contribution for the privilege of " landing within the limits of the corporation."

Under the Constitution and laws of the United States, it is now settled that the banks of navigable rivers are free for the uses of navigation, and that it does not lie within the power of States or municipal corporations to impose taxes on the mere privilege of using them.

Cannon vs. New Orleans, 20 Wal. 579.

Such a contribution cannot be maintained except " as a compensation for the use of wharves or other artificial facilities provided and maintained at the expense of the corporation."

Packet Co. vs. Keokuk, 95 U. S. 88.

The allowance is made exclusively on the principle of compensation for advantage gained and expense incurred.

The right to erect such wharves or other artificial facilities and to charge a toll or wharfage-tax for the use thereof, is a franchise which can only be derived from legislative grants. It is said by Judge Dillon to be a power " of a special and extra-municipal nature," " not strictly one relating to municipalities," and only enjoyed under express legislative authority.

Dillon Mun. Corp., Secs. 67, 74, etc.

In all the cases in which the existence of such powers in municipal corporations has been recognized, it will be found that the legislative authority has been express and unequivocal, and that the power to erect wharves or provide other artificial facilities, and the power to charge fees or tolls for the use thereof, are conferred together and in such connection as to make the right to charge the fees entirely contingent upon the duty of providing and maintaining the artificial facilities referred to.

We find in the Act of incorporation of the town of St. Martinsville no power granted to erect wharves or provide other artificial facilities for the landing, and no power to exact compensation for the use thereof.

In view of the entire absence from the Act of any reference whatever to wharves or other landing facilities, and the absence of any interdependency whatever between the power to levy the tax claimed and the duty to provide and maintain the said facilities, we think it would be a most violent deduction to imply from the vague and obscure language of the ninth section of the Act, the grant of the specific franchise to provide and maintain wharves and other landing facilities and to charge tolls or fees for the use thereof.

Upon the doctrine and authorities recognized by us in the case of New Iberia vs. Migues, just decided, we cannot resort to implication in such a case.

The power to exact such tolls is a restraint upon the freedom of navigation and is liable to abuse; and the corporation seeking to enforce such exaction must present a clear legislative authority for the purpose.

Moreover, even if we were to adopt the most liberal construction of the corporate power, the evidence does not satisfy us that the town has provided or maintains such artificial facilities for landing as would, in any event, sustain the charge of the tolls claimed.

The only serious improvement shown to have been made, is the construction, many years since, of what is called a "turn," being, as we infer, a widening of the bayou by the digging out of a recess in the bank. It is an ancient work, the cost and extent of which are not shown, no doubt long since paid for; and we do not think it could confer

upon the town the right of charging a perpetual toll. The town has provided no wharves and no other artificial facilities of a character to justify a charge for the use thereof ; and defendant, it appears, is not even using the slender facilities provided.

The trifling facilities shown in the proof are such only as the most ordinary municipal prudence would provide in the interest of the town.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed at appellants' costs in both courts.