## No. 1169.

### JACOB U. PAYNE VS. T. C. ANDERSON ET AL.

A judgment, partly in favor of and partly against an appellant, will not be disturbed as affecting the appellee, where no amendment of the same is asked.

A possessor in bad faith is not entitled to remain in possession until the value claimed by him for improvements put upon the land, and which the former owner has been condemned to pay to him, has been reimbursed.

APPEAL from the Thirteenth District Court, Parish of St. Landry. *Hudspeth*, J.

*H. L. Garland* for Plaintiff and Appellant.

*F. F. Perrodin, C. W. DuRoy* and *F. G. Ulrick* for Defendants and Appellees.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action by a judgment creditor to annul a tax sale of his debtor's property, and to subject the same to the payment of his claim. Both the judgment debtor and purchaser are made defendants.

The former, Mrs. Galligar, attacks the validity of the judgment, and claims return of money realized by execution under it. She joins the plaintiff in asking the nullity of the tax sale of her property.

The other defendant, Anderson, likewise attacks the judgment, charges the extinction of the debt, and the legality of his tax title. In the event that the judgment be maintained and that his title be annulled—assuming the attitude of a purchaser in good faith—he asks to be reimbursed the price paid at the sale, together with accrued penalties, expenses incurred, the value of improvements put by him upon the land, and the amount of taxes since paid. He finally claims the right of detention and possession of the property until the reimbursement of those amounts, which, he says, should have been and were not previously tendered, as an essential condition precedent for recovery.

In bar to those counter claims, the plaintiff pleads *res judicata* and prescription.

The case was tried by a jury, who rendered a verdict non-suiting plaintiff, annulling the tax sale and allowing Anderson half the amount paid by him for improving the Benfield place.

The judgment of the court was in furtherance of the verdict, except that it condemned Mrs. Galligar to pay the amount and maintained Anderson in possession until payment.

123

From this judgment the plaintiff, Payne, alone appeals. Its amendment is not asked by either of the appellees.

The only question to be determined is, therefore, simply whether the judgment is or not correct, in so far as it affects the plaintiff.

It is adverse to him in these respects only :

1. That it non-suits him.

2. That it maintains Anderson in possession of the property until reimbursement to him, by Mrs. Galligar, of the amount which the jury allowed him.

## I.

The plaintiff has made out his case. The judgment upon which he founds his action is final and executory. It was once affirmed by this Court, on appeal by the plaintiff in 1874, contradictorily with the defendant as appellee. 26 An. 596. The appeal subsequently taken from it by Mrs. Galligar was dismissed. So that its finality, irrevocability and binding effect on all the parties to it, and even on Anderson, who does not seek its nullity, is beyond peradventure. It can therefore well serve as a basis for the present action in nullity of the tax sale of property of the judgment debtor, Mrs. Galligar.

This view of the case dispenses with a ruling on the exceptions of *res judicata* and of prescription, set up by the intervenor in bar to the attack made by Mrs. Galligar on the judgment. It also renders unnecessary an opinion on the question of reimbursement raised by the latter.

The next defense is, that the judgment is extinguished, if credited with the various amounts realized by writs and otherwise, by virtue of it. We find those different sums to consist as follows : $1,000, $2,438.26, $1,134.30, $118.82 and $8.70, and to aggregate $4,700.08, and consider that the same should go in deduction of the amounts allowed by the judgment.

## II.

The judgment appealed from, in so far as it authorizes a recovery by Anderson from Mrs. Galligar, of one-half of the amount paid by him on the Benfield tract of land, referred to in plaintiff's petition, is not before us for review. It does not purport to affect the intervenor, and is not asked to be amended. By not allowing a recovery by Anderson from the intervenor, it has effectually denied him the same. So that the intervenor cannot now be condemned to pay a copper to Anderson.

The judgment, in so far as it maintains possession of the property by Anderson, until reimbursement to him of that amount decreed to be due him by Mrs. Galligar, cannot be justified.

Its consideration consists in improvements put up by Anderson on

Payne vs Anderson et al.

the land above named, and which are valued by him at $966. Under the circumstances developed, Anderson cannot be considered as a possessor in good faith.

At the date of the pretended tax sale, which must be considered as definitively annulled, the property was to Anderson's knowledge encumbered in favor of Payne. When he became the adjudicatee of it, he knew that he could acquire no better rights than were possessed by Mrs. Galligar. Had she improved the land in the manner Anderson did, she would not have been entitled to recover, as against her mortgage creditor, the value of the improvements. What she could not do, her vendee cannot accomplish. If so, why should Anderson be permitted, to the injury of Payne, to remain in possession of the property until reimbursement to him by Mrs. Galligar of the value of the improvements? We are at a loss to perceive how this could be justified.

It is, therefore, ordered and decreed that the judgment appealed from, in so far as it non-suits the plaintiff and maintains Anderson in possession until the amount allowed for the improvements, and which Mrs. Galligar is condemned to pay him, is reimbursed him, be reversed, and that the verdict of the jury, authorizing such judgment to that extent, be set aside.

And it is now ordered, adjudged and decreed in lieu, that the plaintiff, J. U. Payne, be recognized to be the judgment creditor of Mrs. Galligar, as alleged in his petition; that the property, the tax sale of which was annulled, be declared subject to the mortgage claimed by the plaintiff; that the same be seized and sold according to law to satisfy the claim of the plaintiff, and that the demand of T. C. Anderson for possession, until payment to him, be rejected with costs.

It is further ordered and decreed that the verdict and judgment thereon otherwise remain undisturbed, defendants to pay costs in both Courts.

---

### ON APPLICATION FOR REHEARING.

It is claimed on the application for a rehearing that, while, in the reasons of the Court, it is stated that plaintiff's judgment should be credited with the amounts realized by execution and otherwise, by virtue of it, still, in the decree this was not done. The complaint is well founded.

It is besides urged, that rights to further credits should have been reserved. Either the same have or have not been claimed. If they have, they were not allowed. If they were not, they cannot be pressed, the rule being that, where a party asks less than is due him, he abandons his claim to the surplus.

It is, therefore, ordered and adjudged that our previous decree be amended, so as to credit plaintiff's judgment with the forty-seven hundred dollars, $4700, mentioned in the opinion, and that thus altered, said decree remain undisturbed and become final.

Fenner, J., recused.

### CONCURRING OPINION.

Todd, J. I concur in the decree rendered. I am not, however, prepared to say that a third possessor is precluded, even where he is a possessor in good faith, from claiming reimbursement for useful improvements. I think he can do so, but in this case I am satisfied that Anderson was not a possessor in good faith, and hence, was not entitled to the reimbursement claimed.