Statement.
MONROE, J.
The town marshal of Farm-erville made affidavit before the mayor charging that defendant, “who is subject to road duties, under the road laws of Louisiana, refuses to pay his street tax, or to work on the streets of the town of Farmerville, as provided by Ordinance No. 5,” etc.
Defendant demurred on the ground that the ordinance referred to in the affidavit is repugnant to section 1 of the fourteenth amendment to the Constitution of the United States, and to article 2 of the Constitution of Louisiana, in that it attempts to deprive him of his liberty and property without due process of law; that it is repugnant to article 25 of the Constitution of Louisiana, in that it attempts to levy a tax which is not equal and uniform, but is levied only on certain individ *103 uals and classes of persons in the town of Earmerville; and that it was enacted without legal authority. The mayor (apparently ignoring a plea of estoppel, set up by the marshal on the ground that defendant, whilst mayor, had approved the ordinance in question) overruled the demurrer and sentenced defendant to pay a fine of $20 and costs, or, in default thereof, to work on the streets for 20 days, and defendant appealed.
The ordinance mentioned reads, in part, as follows:
“Section 1. Be it ordained * * * that there shall be levied, annually, on all male residents of said town of Earmerville, who, under the law of this state and parish, would be subject to road duty,' a street tax of $G.OO per an-num, payable in quarterly installments, due the first day of January, April, July, and October of each year.
“Sec. 2. * * * that work on the streets, * * * at the rate of 75 cents per day, will be accepted instead of the $G per annum, if the tax payers prefer, to be performed under the direction of the town marshal.
“Sec. 3. * * * that, for failure to pay said tax or to work out the same, * * * the delinquent, after ten days notice, * * * shall be condemned to pay a fine of not less than $5 nor not more than $20, and, in default thereof, shall be imprisoned not less than 10, nor more than 20, days, and shall be worked on the streets during the period of imprisonment.”
The charter of the town of Earmerville (Act No. 51, p. 100, of 1870 [Ex. Sess.]) confers upon the mayor and aldermen “the power to levy and collect a tax for the use of said corporation upon all taxable property within said corporation, not to exceed in amount $1000, annually; * * * to tax all shows, plays, gaming tables, grog shops and groceries; * * * to impose fines, for breaches of their ordinances, rules and regulations, which shall not exceed $50, and, in default of the payment of any fine, then to imprison in the parish jail for a period not exceeding 30 days,” etc.
Section 7 (page 110) of the act provides that one-half of the taxes and licenses assessed by the parish within the town shall be paid over to it, provided that the whole amount collected by the town shall not exceed $1,000. Section 8 provides that all persons living within the town shall be exempt from road duty, except such as may be imposed by the mayor and aldermen.
Upon the other hand, Act No. 24, p. 47, of 1870 (Reg. Sess.) § 1, provides:
“That, hereafter, neither police juries nor other parish authorities, nor the officers of any municipal corporation shall have or exercise the power to ordain or levy or collect a per capita tax for any purpose whatever.”
And Act No. 68, p. 130, of 1870 (Ex. Sess.) § 8, provides that:
“No per capita tax except the poll tax authorized by the Constitution shall be assessed or collected in this state.”
Articles 291 and 292 of the Constitution read, in part, as follows:
“Art. 291. The police juries of this state may form their respective parishes into road districts, and, in order to raise funds for the purpose of constructing, maintaining and repairing the public roads and bridges of their parishes, they are authorized to set aside at least one mill per annum of the taxes levied by them, and to impose a per capita tax of not more than one dollar per annum upon each able bodied male inhabitant of the parish between the ages of eighteen and fifty-five year’s. * * * The provisions of this article relative to the per capita tax shall not be operative in incorporated towns and cities that maintain their own streets.
“To carry into effect the provisions of this article, the police juries may enact such ordinances, of a civil nature, as may be necessary to enforce the property and license tax, and, of a criminal nature, to enforce the per capita tax,” etc.
“Art. 292. When any parish shall avail itself of the provisions of this article the judge in passing sentence on persons convicted of any offense, when the punishment imposed by law is imprisonment in the parish jail in the first instance, or in default of payment of fine, may sentence such persons to work on the public roads and bridges and any other public works of the parish,” etc.
Opinion.
It will be seen, from the foregoing statement of what we conceive to be the textual provisions of the law applicable to the case, that the charter of the town of Earmerville does not, in express terms, confer upon it the power to levy a per capita tax or to impose *105 a sentence of imprisonment, at hard labor or otherwise, for its nonpayment; nor, as we think, is such power, necessarily or fairly, to be implied from those expressly granted; nor yet can it be said that its exercise is essential to the purposes for which the corporation was established. If, however, it should be argued that section 8 of the charter contains a negative pregnant with the affirmative that the mayor and aldermen may impose road duties upon persons living in the town, and that the power to impose road duties carries with it the power to levy a per capita tax and to fine, imprison, and sentence to hard labor to enforce the discharge of those duties, the answer seems to be found in the provisions of Act No. 68, p. 130, of 1870 (Ex. Sess.), to the effect that “No per capita tax except the poll tax authorized by the Constitution shall be assessed or collected in this state,” and in the provision of article 261 of the Constitution, to the effect that the’ other provisions of that article authorizing police juries to levy a per capita tax, for the maintenance of parish roads, “shall not be operative in incorporated towns and cities that maintain their own streets.”
“It is a general and undisputed proposition of law,” says Judge Dillon, “that a municipal corporation possesses and can exercise the following powers, and no others: First, those granted in express words: second, those, necessarily or fairly, implied in, or incident to, the powers expressly granted; third, those essential to the declared objects and purposes of the corporation, not simply convenient, but indispensable. Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied.” Dillon’s Municipal Corporations, vol. 1, § 89.
The grant thus referred to must be made by the state, and, though usually to be sought for in the particular statute constituting the charter of the corporation (Mayor, etc., v. Roth, 29 La. Ann. 261; Board, etc., v. Miques, 32 La. Ann. 923), may also be found in legislation of a more general character (Mayor, etc., v. White, 46 La. Ann. 449, 15 South. 15). In the instant case we find no grant, express or implied, of the power that plaintiff is attempting to exercise, nor do we find it to be essential to the purposes for which plaintiff was incorporated. On the contrary, its exercise seems to be at once prohibited and unnecessary, and the ordinance through which such exercise is attempted ultra vires of the plaintiff corporation, and hence illegal.
Holding this view, and pretermitting the consideration of the other questions presented :
It is ordered, adjudged, and decreed that the judgment appealed from be annulled and reversed, and defendant discharged, with his Costs.