BREAUX, C. J.
W. W. Page was a creditor of the defendant in the sum of $819.95, with interest and attorney’s fee, represented by three promissory notes.
One of the notes was secured by mortgage. The others were ordinary notes of hand.
In the year 1903 Roy Kidd, the defendant, bought at tax sale the one-half interest in a tract of land described as in the S. % of S. y¡, section 24, township 10, range 9- containing 130 *4 acres for the taxes of 1901, assessed by the assessor in the name of “unknown owner.”
Plaintiff claims that the whole amount due him, as above stated, was expended by the defendant in clearing part of the land and in building houses, and making improvements thereon at a cost of about $1,000, which greatly added to the value of the property.
He, Kidd, went into possession of the property.
In the year 1904 again the other undivided one-half interest was assessed in the same way, and at a tax sale in 1905 he purchased it.
That is the title now at issue.
In the year 1906 Kidd absconded.
Plaintiff, creditor, as before stated, brought suit against him on his mortgage and notes, and proceeded by writ of attachment, which was issued on the 130 acres of land and improvements in question.
In time Mrs. Chaffraix became intervener in the suit, and alleged that she- had a title to the whole tract. She alleged the payment of the taxes by her on the property for the years in which the different interests were sold.
The plaintiff and the curator ad hoc of the defendant pleaded the constitutional prescription of three years.
Plaintiff Page in his answer to the intervention pleaded his good faith, and prayed for the amount due him as it had been expended as he averred for improvements on the land. His contention, further, is that Mrs. Chaffraix, the intervener, had in effect abandoned the land; that it was not assessed to her; that it could not be identified as hers by the assessment.
She certainly did pay taxes on certain land, but it happened that she paid them for land in section 29, in which she owned no land, and she did not pay on section 24, in which she did own land.
It was a clerical error of the assessor.
All parties trace title to the same owners; that is, to Mrs. Chaffraix, the intervener.
The following statement of the facts has every appearance of being correct, to wit:
Hunter and Jiraud owned 1,365 acres of land, as shown by the map in evidence. Jiraud died, and from his heirs Mrs. Chaffraix bought all her interest by deed recorded in 1881. In 1SS8 by a written act of partition, duly recorded, Mrs. Chaffraix became the sole owner of 673 acres (colored yellow on the map, referring to the map filed in evidence of the land of Mrs. Chaffraix, including the land in question).
The assessor ignored the partition, and, instead of assessing Mrs. Chaffraix with 673 acres belonging to her, continued to make the assessment as though the land was still undivided. He assessed her each year with an undivided one-half interest in 1,565 acres, though it was only 1,365 acres, and endeavored to describe the Hunter and Jiraud land.
He made various mistakes, miscalling some sections, and erroneously stating the parts of some sections, and specially making the mistake of using the word “of” instead of “and,” as, for instance saying the N. W. % of S. W. % instead of saying the N. W. % and S. W. % of N. W. %.
Two years after the partitions were made, in 1890, he described the land here in controversy, to wit, S. % of section 24 on the roll of 1891, and all the years thereafter he made the mistake of substituting the figure' 9 for the figure 4, and instead of describing S. y2 of 24 he described S. y¡¡ of section 29.
Mrs. Chaffraix does not and never did own any land in section 29. The land in section 29 was owned by E. C. Blacksher, who has always been assessed with it, and who has always paid the taxes on it.
The district court rendered judgment against Kidd for the debt, and recognized Mrs. Chaffraix, and held for Page, plaintiff, in favor of Page’s claim to be enforced *6 against one-half undivided one-half of the land.
In the Court of Appeal, the curator representing Kidd, answered and asked for judgment against Mrs. Chaffraix, intervener, for the improvements.
Page also answered the appeal, and asked that all the land except the undivided one-half be held subject to his debt.
The Court of Appeal gave judgment decreeing that Mrs. Chaffraix is the owner of the land; that it is not subject to Page’s debt in the form of the present action. The question of improvements was not decided because it is said that no such claim was involved in the suit.
This is the judgment before us for review.
It would not be right if the error of the assessor could be made to do service toward depriving the owner of his own.
The assessor is expected to describe the property. He is supposed to familiarize himself with areas and boundaries, and, after examination of the record, to properly assess the property of taxpayers. After this has been done, the owner who is in good faith is -warranted in taking it for granted that the assessment had been properly made, and in paying the taxes is naturally led to believe that he has paid on the whole property, even though there may be error in the description of the assessment, which is seldom indorsed on the tax receipt. If the description in fact is erroneous, and is not strictly within the boundaries, owing to the error, he nevertheless pays for that which he has a right to assume is the whole area, particularly if the amount on which he pays corresponds to the assessed value of the land, he cannot be made to lose his land.
The land, we have seen, was assessed in the name of “unknown owner.”
The owner in this case paid taxes on a larger area of land than she really owned by over 200 acres. She should not be prejudiced in her rights by the failure of the assessor to perform his duty.
For the purpose of illustration, we will state: Suppose A.' owns three sections of
land forming part of his tract of land. Two of the sections are properly assessed by reference to the correct numbers. The third section is referred to in the assessment by an incorrect number.
In other words, the assessor assesses the owner, as in this instance, for section 29, when it should be section 24. The owner pays on an area equal to the three sections. The assessor afterward assesses the section erroneously in the name of unknown owner. There can be no valid title because the payment must be taken as covering the whole tract of which he is the owner. It is-error in description, and it has been held by this court that an evident error in the-description does not vitiate the title, even although it falls into the hand’s of a tax purchaser. Bernstine v. Leeper, 118 La. 1098, 43 South. 889.
Moreover, viewed from every point, the owner paid some taxes on this property. If it should not be on the whole property, it is payment, at least, on part of it; and in that case it has been held as a payment that would defeat the prescriptive period of article 233 of the Constitution. Harris v. Deblieux, 115 La. 154, 38 South. 946.
The foregoing applies to one-half of the land sold at tax sale in 1902.
That property was subject to a mortgage for part of the amount which plaintiff claims as due him by this tax purchaser.
It appears that in 1904 the assessor again assessed the other undivided interest to an “unknown owner,” and in July, 1905, Kidd bought this one-half also for the taxes so-assessed.
The three years had not expired at the date that Mrs. Chaffraix claimed the land in her intervention in. this case. She had *8 not been notified, and bad, in effect, paid the taxes on the land as before stated. The same error was committed as was committed in matter of the first sale; that is, the land was assessed as section 29 instead of section 24.
The owner of section 29 paid his taxes for 1904, and Mrs. Chaffraix had' in effect paid on section 24.
It follows from the foregoing that the title as relates to prescription does not at all fall within the terms of the article of the Constitution, stated supra.
Having determined that the title to the land is in the original owner, we pass to the claim of the plaintiff as a creditor of the purchaser at tax sale. A creditor, of course, who was entirely in good faith.
Kidd had obtained advances from him used in improving the property. After the first tax sale, but before the second, Page became the mortgagee of Kidd for part of the claim on which he sued. This mortgage bore upon the first above-mentioned undivided one-half.
In our opinion Kidd obtained a property right in any property owned by Kidd to the extent that he made improvements on the place.
The intervener does not directly in words claim the improvements, only in claiming the land she claimed the improvements as part of the land by destination.
Kidd had a title which he had a right to believe was good.
Evidently Kidd had no legal and good title to either tract, but, in so far as the record discloses, he has placed in good faith improvements on the land. 1-Ie is entitled to be paid for them a reasonable compensation.
“Where nullity is patent on the face of the deed, the purchaser cannot be held to purchase in bad faith, but is entitled to be reimbursed the legal taxes and for useful improvements.” Board of Trustees of New Iberia v. Migues, 32 La. Ann. 923: Miller v. Montagne, 32 La. Ann. 1293; Hickman v. Hawson, 35 La. Ann. 1087; Decuir v. Benker, 33 La. Ann. 320; Duson v. Dupre, 33 La. Ann. 1134; Wederstrandt v. Freyhan, 34 La. Ann. 705; Giddens v. Mobley, 37 La. Ann. 417.
Kidd had the title examined by one who knew all about land titles, and it was in accordance with his advice that he bought. We are of opinion that he was in good faith.
Evidence of the value of the improvements •was admitted without objection.
The lower court decided that Mrs. Ohaffraix was entitled to the land and to the improvements. This, as relates to the improvements, we have changed.
While she was entitled to the land, she was not entitled to the improvements; for, even if Kidd had been in bad faith, under article 508 of the Civil Code, and the following decisions: Kibbe v. Campbell, 34 La. Ann. 1163; Cannon v. White, 16 La. Ann. 91; Payne v. Anderson, 35 La. Ann. 977; Wood’s Heirs v. Nicholls, 33 La. Ann. 744; Exposition Ry. & Imp. Co. v. Canal St. Ry. Co., 42 La. Ann. 370, 7 South. 627; Citizens’ Bank v. Maureau, 37 La. Ann. 861 — Kidd had a right to the improvements on the property, and, the plaintiff having levied an attachment on the land and the improvements, to the extent that the land was in the name of Kidd, she should be permitted to recover.
We have noted that Kidd was an absentee. The proceedings as to him are in rem, and as such are attachable. Handy v. City of New Orleans, 39 La. Ann. 112, 1 South. 593; Succession of Durand, 24 La. Ann. 352.
If Kidd was in bad faith, Mrs. Chaffraix’s right was to pay for the improvements or to have them removed, but they did not belong to her.
Kidd was in good faith. She owes the increased value given to the premises by the improvements.
For reasons stated, it is ordered, adjudged, and decreed that the judgment of the Court of Appeal be amended by allowing the im *10 provements to Kidd, subject to the sale of the property to satisfy plaintiff’s claim.
It is ordered, adjudged, and decreed that plaintiff have and recover judgment recognizing his right to the sale of the property for the improvements (to extent before mentioned) in these proceedings, and that his claim be credited with the proceeds. In other respects the judgment of the Court of Appeal is affirmed, and this case is remanded to the district court for execution. The costs of this court are to be paid by the intervener, those of the Court of Appeal by plaintiff, and those of the district court by defendant, as between him and the intervener. •