(48 South. 155.)

No. 17,213.

TOWN OF WINNFIELD v. LONG.

(Jan. 4, 1909.)

1. MUNICIPAL CORPORATIONS (§ 672*)—POWERS—WORK ON STREETS.
Statute 136 of 1898 (Acts 1898, p. 224), relating to the government of municipalities, contains no delegation of power authorizing those municipalities falling within its provisions to compel persons under their ordinances to work on the public streets.
[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 672.*]

2. VOID ORDINANCES.
Such ordinances are null.

3. MUNICIPAL CORPORATIONS (§ 672*) — IMPLIED POWERS—WORK ON STREETS.
No implied power authorizes the adoption of such ordinances. They must be adopted under an expressed grant of power.
[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1452; Dec. Dig. § 672.*]

4. MUNICIPAL CORPORATIONS (§ 672*)—POWERS—WORK ON STREETS.
The laws relating to parishes and work on public roads have no application.
Municipalities and parishes are governed under their respective delegated powers.
[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 672.*]

5. MUNICIPAL CORPORATIONS (§ 672*)—POWERS—WORK ON STREETS.
The municipality collects taxes, part of which (instead of requiring persons to work on the streets) is to be applied to the repair and maintenance of streets.
[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 672.*]

(Syllabus by the Court.)

Appeal from Mayor's Court of Winnfield; J. D. Pace, Judge.

Julius T. Long was convicted of violating an ordinance of the town of Winnfield, compelling every able-bodied man to work on the streets for not over three days during each quarter of the year or pay $1 for each quarter, and he appeals. Reversed, and defendant discharged.

Kidd & Long, for appellant. Mathews & Gamble, for appellee.

BREAUX, C. J. As relates to the facts: It appears that the defendant was charged with having violated an ordinance of the town requiring him to work on the public streets.

The ordinance seeks to compel every able-bodied man between the ages of 18 and 50 years, who has resided in the town 15 days, to work on the streets for a period not over

3 days during each quarter of the year he may reside in the town, or to pay the marshal of the town $1 for every quarter each year. The ordinance also provides that any person violating the ordinance, either by failing to work on the streets or failing to pay the assessment, shall be guilty of a misdemeanor, and on conviction shall be fined $5 and costs, and in default of payment shall be imprisoned for not less than 10 days, or both, at the discretion of the mayor.

Both parties to the suit agreed that the town is governed in accordance with the authority delegated in the Lawrason Act, No. 136 of 1898 (Acts 1898, p. 224).

Plaintiff by order of the municipality invoked in the first place the general power under the law conferred on cities, towns, and villages, to care for, manage, and control cities, towns, and villages; also to maintain streets and roads within the limits of the town. Under this act, the town has the authority, plaintiff contends, to impose a fine not exceeding $100 or imprisonment not exceeding 30 days. Section 15 of the act.

The defendant challenged the right of the town to adopt the ordinance of which he complains and compel him to work on the streets.

He filed a motion to quash and set aside the prosecution against him on the ground that the ordinance is unconstitutional, null, and void, as the town had no such power.

The mayor before whom the case was tried overruled the motion to quash. He heard the case, and found that the defendant had violated Ordinance 28 of the town, and rendered judgment imposing a fine of $5 and costs, and, in default of payment, imprisonment.

Defendant appealed.

There are grants of power delegated to towns under the provisions of the act in question. But not one of these grants authorizes the town to adopt ordinances to compel any of the inhabitants to work upon the streets. Subdivision 14 of section 15, of the act cited supra, provides that the streets shall be maintained and the roads within the limits of the town, but nothing further. Without an expressed delegation of power, no one can be compelled to work.

If it be the contention that plaintiff has the right under its implied power, we cannot agree with that view, for under no circumstances can it be held that compulsory labor on road or street falls within the incidental powers of the corporation.

Plaintiff invokes the law under which the police jury may require persons to work on the public roads, and specially refers to those laws.

The town stands upon the power that is delegated to it by superior authority, and the parish also stands upon its own delegated powers. They are distinct corporations, each governed by its own laws.

A similar question was considered in the case of Town of Farmersville v. Mathews, 120 La. 102, 44 South. 999.

The court in the last-cited case, having found no delegated power, decided that the ordinance under which the municipality was seeking to compel the person indicated to work on the streets was illegal and void.

Plaintiff will have to devise some other ways and means to maintain its streets.

It is true, as stated by plaintiff's counsel, that no law prohibits or prevents the town from requiring its inhabitants to perform labor on the streets; none the less, in order to exercise the power of compelling such work, it will not do to depend upon the silence of the law. It must be shown affirmatively that it is authorized by the Legislature.

The plaintiff corporation has authority to collect a license tax and other taxes to carry out the purposes of the corporation. The implied power springs from necessity. When

a corporation collects taxes as just mentioned, the presumption is that it realizes sufficient to maintain its streets, and that no necessity arises for compelling men to work on the streets. Article 291 of the Constitution.

There is no necessity of multiplying reasons. It was incumbent upon plaintiff to point to the delegation of power. This it has not done, as it has neither expressed nor implied power to deal with the subject in the manner proposed.

The law and the evidence, and the reasons assigned according therewith, being in favor of defendant, it is ordered, adjudged, and decreed that Ordinance No. 28, approved May 2, 1905, is illegal and void. It is further ordered, adjudged, and decreed that the judgment is reversed, sentence set aside, and defendant discharged.