No. 6055.

# SUCCESSION OF SIDNEY STILES.

## Syllabus.

1. Cohabitation, common repute, and the declaration of the parties that marriage took place. are but presumptive evidence of such marriage, and will not suffice to establish same in the face of direct evidence that no such marriage took place; to-wit: evidence that no license ever issued for such marriage, in the parish in which such marriage is said to have taken place, and the sworn declaration of the possible celebrants that they performed no such marriage.

2. An *ex parte* judgment sending one in possession of an estate as heir, can never acquire the force of *res judicata* or of title to property, and hence affords no such basis for the prescription of either one or ten years.

Appeal from the 28th Judicial District Court, for the Parish of Jefferson, No. 1148. Hon. P. E. Edrington, Judge.

L. H. Marrero, Jr., for plaintiff and appellee.

C. S. Rice, J. E. Fleury, A. E. Billings & Montgomery, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This action was brought by a half brother and half sister of the deceased (William Wallace and Rachel Wallace), claiming the possession of his estate from his only child (Margaret Stiles) upon the ground that the latter is illegitimate.

At the time of his death (18 years before the bringing of this suit) the deceased left, besides his child, one full brother, one half brother, and three half sisters.

And if the child be illegitimate the status of the estate would be as follows:

The full brother (Hylas Stiles) whose share in the estate would have been six-tenths (6/10) thereof, judicially acknowledged from the beginning the legitimacy of his brother's child, and that acknowledgment has been held binding upon his heirs by judgment of Court, now final for more than fifteen years (see C. C., 913, as to division of estates falling to brothers and half brothers).

The children of one of his half sisters (Jane Wallace) whose share in the estate would have been one-tenth (1/10) thereof, have appeared in this Court, **joining defendant and appellant** and asking that her status of legitimate child and sole heir of the deceased be recognized and maintained.

Another half sister (Margaret Wallace), long since deceased without issue, and whose share in the estate would have been one-tenth (1/10) had estopped herself by assisting with her husband at the baptism of the child and in their capacity of Godfather and Godmother, registering her as the **legitimate daughter** of the deceased. **(Succession of Emonot, 109 La., 359).**

The other half sister (Rachel Wallace), and the half brother (William Wallace), plaintiff herein, would each have been entitled to one-tenth (1/10) of the estate.

But the half brother (William Wallace) having died intestate and unmarried during the pendency of this suit, the share of Rachel Wallace, the only remaining plaintiff, would be increased by one-sixth (1/6) plus one-fourth (1/4) of his one-tenth (1/10) equal to one-sixtieth (1/60) plus one-fortieth (1/40) of the whole; which added to her own one-tenth (1/10) would make her interest 34/240, or 17/120, say seventeen one hundred and twen-

tieth parts of the whole; which is the only interest involved herein.

As to the main question, the proof of marriage. It is shown that the deceased had illicit relations with the mother of the child (by name Nellie Hickey); but about the time the child was born he declared to several persons that he had married her in the Parish of St. Bernard; he and she being both, and having always been, residents of Jefferson Parish.

It is further shown that after the birth of the child he established the mother in a home next door to one of his sisters, and went there to live with her; that the couple were generally reputed to be man and wife, and after the decease of the father the mother and child were generally looked upon and treated as his legitimate widow and daughter.

The mother, as a witness in this case, testifies that she was married to the deceased by a Justice of the Peace in the Parish of St. Bernard in the year of 1891.

Ordinarily such evidence would suffice to establish a marriage.

> Holmes vs. Holmes, 6 La., 470; Eames vs. Woodson, 120 La., 103, 1036; Mazzie vs. Gruis, 128 La., 859; Watson vs. Lawrence, 134 La., .., 63 Southern Rep., 873.

But in all the cases wherein cohabitation, common repute, and the declaration of the parties were held sufficient to establish a marriage, there was no direct evidence tending to destroy the force and effect of such evidence, which after all is only presumption.

In the case at bar, however, there is direct evidence against the presumptive evidence aforesaid.

There is a certificate from the Recorder of the Parish of St. Bernard, showing that no license was ever issued in said Parish for any such marriage, and that no such marriage was ever recorded in said Parish.

It is also shown by the testimony of the various Justices of the Peace for said Parish during the years 1888 to 1892 that no such marriage was ever performed by any of them.

Under the circumstances we do not think the evidence herein sufficient to establish the fact of a marriage.

As to the proposition, that because the child was sent into possession of the estate by an **ex parte** judgment of Court, this action is barred by the prescription of one year, applicable to the actions for the nullity of judgments, it is wholly untenable.

Such a judgment can never acquire the force of **res judicata**, or of a title to property, and hence affords no basis for the prescription of one or even ten years. **Hickman vs. Flennickon, 12 La., 268; Chretien vs. Bienvenue, 41 An., 728; Gladney vs. Sheriff, 48 An., 316; Fuentes vs. Gaines, 25 An., 98-99; Griffin vs. Blane, 12 An., 5; Pons vs. Yazoo & Miss. Valley R. R. Co., 122 La., 156.**

It is shown that defendant paid taxes on the property amounting to $173.00 and collected rents to the amount of $63.00 leaving a balance of $110.00 in her favor; which, with interest added to this time would amount to about $180.00. She is entitled to recover of plaintiff 17/120 of that amount or say $25.00. But to simplify matters we will merely deduct the said amount from the costs of the Court below which must go against defendant.

It is therefore ordered that the judgment appealed from be so amended that plaintiff, Miss Rachel Wallace, do have judgment against defendant, Marguerite Stiles, Widow of Louis Knochel, Jr., recognizing said Rachel

Wallace as the owner of seventeen one hundred and twentieth parts (17/120) of the following described property, to-wit: A certain portion of ground situated in the Village of Mechanicham, in the Parish of Jefferson, in the State of Louisiana, in square No. six (6) bounded by Second, Third, Levoisier and Newton Streets, according to a plan made by Benjamin Buisson, surveyor, in January, 1836, and deposited in the Recorder's Office for said Parish; comprising a part of lots four (4) and five (5) as described on said plan and measuring sixty-three (63) feet, nine inches front on Newton Street by one hundred (100) feet in depth and front on Third Street, between parallel lines; and forming the corner of said two streets.

It is further ordered that to the extent of the interest of the said Rachel Wallace, as hereinabove set forth, the judgment recognizing Marguerite Stiles as sole heir of her deceased father Sidney Stiles, be set aside, but no further.

It is further ordered that as thus amended the judgment appealed from be affirmed, and that in all other respects said judgment be annulled and set aside and the demands of plaintiff be rejected.

It is further ordered that plaintiff, Rachel Wallace, pay the costs of this appeal; and that the defendant, Marguerite Stiles, Widow of Louis Knochel, Jr., pay the costs of the Court below, subject however to a credit of twenty-five dollars ($25.00), against plaintiff, for her proportion of taxes paid by defendant.

Amended and affirmed.

Opinion and decree, April 20th, 1914.

Rehearing refused, June 1st, 1914

Writ denied, June 30th, 1914.