PROVOSTY, J.
This is a petitory action, and the land in question is the W. % of N. E. % and the N. E. % of the N. B. % of section 4, township 9, range 2 W., parish of Grant, containing 120 acres. When plaintiff acquired this land, it formed part of a tract of 180 acres situated on the line of the parishes of Grant and Winn; 60 acres of it being on the Winn side of the line. That part was sold at tax sale years ago, and is not involved in this suit. Plaintiff acquired the property at a sheriff’s sale in 1873. On that part *1099 situated in the parish of Grant — that is to say, on the land in controversy — the plaintiff has always paid his taxes. Up to 1894 the land was described on the tax rolls as above; that is to say, correctly. In that year a mistake was made in the number of the range — 1 in place of 2; and this error perpetuated itself for several years, including 1897, in which year the land was also assessed to the original patentee. In 1898, under this assessment to the patentee, it was adjudicated to the state. In 1902 it was sold by the state to the defendant Leeper. In the same year Leeper sold it, with reserve of the timber, to the defendant Mrs. Melton. In July, 1904, he sold the timber to the other defendant, the Dalton-Clark Stave Company, Limited. Shortly thereafter the said company attempted to cut the timber, and plaintiff promptly brought this suit.
Defendants rely upon the said adjudication to the state, and upon the constitutional prescription of three years; also upon the inability of plaintiff to show a title good as against the whole world.
The record leaves no doubt that the taxes on the‘land were regularly paid; also that the taxes on the land of corresponding description in range 1 were in like manner always paid. This disposes of the pretensions of defendants, in so far as based on the tax adjudications; for the sheriff has no power to sell for taxes property on which the taxes have been paid. The payment is not the less efficacious because of an error in the description; and cases where the taxes had been paid are expressly excepted from the constitutional prescription. Kellogg v. McFatter, 111 La. 1037, 36 South. 112; Booksh v. Wilbert, 115 La. 351, 39 South. 9.
Owing to the courthouse and its records having been destroyed by fire, plaintiff was unable to show a transfer from the original patentee to the person in whose hands the property was seized when he acquired it at sheriff’s sale; but he relies also on the prescriptions of 10 and 30 years, and in our opinion has fully established this latter prescriptive title.
At the time he bought the land, in 1873, there was a tenant of the former proprietor living on it and cultivating a part of it. The tenant attorned to him, and for a number of years paid him rent. The fact of the land belonging to him was well known in the neighborhood, so much so that his local representative was applied to by the defendant Leeper when the latter first sought to purchase it. His ownership and possession was questioned by no one until 1902, when Leeper acquired the paper title of the state. Actual possession of part under a title is possession of the whole, and a possession once begun by occupancy is continued by mere civil possession. Civ. Code. arts. 3437, 3442; Levy v. Gause, 112 La. 790, 36 South. 684; Sallier et al. v. Bartley, 113 La. 400, 37 South. 6; Handlin v. Lumber Co., Ltd., 47 La. Ann. 404. 16 South. 955.
The contention of defendant’s learned counsel that a petitory action cannot be based on a title acquired by prescription can hardly be serious. Of course, a party out of possession cannot acquire by prescription; but, if he loses his possession only after having acquired a title by prescription, it would be strange if he could not vindicate this title as against a mere possessor. A title by prescription is a title, as much so as any other, and a man does not lose his title when he loses possession.
The sheriff’s deed to plaintiff was duly recorded in the parish of Winn, where the sale was made. Plaintiff says it was also recorded in the parish of Grant. We imagine that, if it had been, the records in the recorder’s office would show it. But we do not find that registry plays an important part in the matter. It would be important only if plaintiff were relying upon the sheriff’s deed as conveying the property; but he is relying upon it merely as showing rem ipsam, name *1101 ly, that he had a title — a title which fixed the boundaries of the land, and which justified him in believing that he was the owner. A trespasser “acquires possession inch by inch only of the part he occupies” (Hennen, p. 1205, No. 2); but the person who goes into possession by virtue of a title acquires possession of the entire estate the former possessor abandons to him.
The Dalton-Clark Stave Company prays “that, should judgment be rendered against your appearer, the same judgment be rendered over against said Deeper.” In the nature of things, it is not possible to grant this prayer. Hence the lower court properly contented itself with a reserve of rights against the warrantor.
Judgment affirmed.