(57 South. 998.)

No. 18,886.

BENDER et al. v. BAILEY.

(Feb. 26, 1912. Rehearing Denied March 25. 1912.)

*(Syllabus by Editorial Staff.)*

1. HUSBAND AND WIFE (§ 246*)—COMMUNITY PROPERTY—CONVEYANCE—LAWS GOVERNING.

Land located in Louisiana, but owned in community by a husband and wife living in Texas, is governed by the laws of Louisiana as affecting validity of a conveyance made by the wife individually and as executrix on death of the husband.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 878; Dec. Dig. § 246.*]

2. EXECUTORS AND ADMINISTRATORS (§ 137*)—SALES BY EXECUTRIX—POWER.

In Louisiana an executrix cannot sell at private sale the property of the succession she represents.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 557–559, 606½; Dec. Dig. § 137.*]

3. TAXATION (§ 530*)—TAX SALES—VALIDITY—WHO MAY PAY TAXES.

After payment of taxes, a collector is without power to sell the property, regardless of who made the payment.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 985, 988; Dec. Dig. § 530.*]

4. TAXATION (§ 810*)—TAX SALES—PAYMENT OF TAXES—EVIDENCE—SUFFICIENCY.

In an action wherein plaintiffs sought to defeat a tax sale, evidence *held* insufficient to show that the taxes were paid before the sale, as claimed by plaintiffs.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1605–1608; Dec. Dig. § 810.*]

Appeal from First Judicial District Court, Parish of Caddo; Thomas F. Bell, Judge.

Action by C. M. Bender and others against Mrs. M. E. Bailey. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

Alexander & Wilkinson, for appellants. Blanchard, Barret & Smith, for warrantor.

PROVOSTY, J. Gus Bender, a resident of Texas, died in Texas, leaving a will, by which he gave all his property to his wife and four children, and appointed his wife executrix with power to sell all his property at private sale. This will was duly probated, and the widow duly qualified as executrix, in Texas. The decedent owned one-half, undivided, of 160 acres of land in this state, described as S. ½ of section 17, township 22, range 15, parish of Caddo. The widow, as survivor in community, owned the other half interest. In 1903, she, individually and as executrix, sold the property to L. A. Thomason at private sale. Thomason did not record the sale until 1905; and the property, continuing to stand of record in the name of Gus Bender, was assessed to him in 1904, and sold at tax sale in 1905 to H. Hunsicker. Thomason recorded his sale on November 15, 1905, and on that same day acquired from Hunsicker the title which the latter had acquired at tax sale. The two titles thus acquired by Thomason have passed to defendant, and this suit is brought by the four children and heirs of Gus Bender to recover as heirs of their father four-fifths of the undivided half of the property.

[1, 2] Though the sale made by the executrix would have been valid in Texas, it was

not valid in this state. The property must be dealt with as constituting a separate succession from that in Texas, and be governed exclusively by the laws of this state (Burbank v. Payne & Harrison, 17 La. Ann. 15, 87 Am. Dec. 513; Mason v. Executors of Nutt, 19 La. Ann. 42; Whart. Confl. L. 289; 22 A. & E. E. of L. 1373), and in this state an executrix cannot sell at private sale the property of the succession she represents.

Defendant relies upon the tax sale to Hunsicker as an additional title; and plaintiffs reply that this tax sale was invalid because the taxes of 1904 in satisfaction of which it purports to have been made had been paid, and that, moreover, the purported transfer of this tax title by Hunsicker to Thomason was not in reality a sale, though in that form, but a mere redemption, as appears from the fact that the price was exactly equal to the amount paid by Hunsicker at the tax sale plus interest.

For showing that the taxes of 1904, for which the tax sale was made, had been paid, plaintiffs rely upon the fact that in 1904 Thomason paid taxes in the parish of Caddo on property described, as follows: "No. of acres, 160. $200." This 160 acres, say plaintiffs, was the same 160 in suit; and in support of this they have produced one witness who testified as follows:

"I examined the records of this parish very carefully to ascertain what property L. A. Thomason had title to or owned in the year 1904, and he had title only to the property in dispute, the early part of that year, which he later conveyed to other parties."

[3, 4] No doubt, if this was the same property, the tax sale was null; for, after the taxes have been paid, no matter by whom, the tax collector is without authority to sell the property for taxes. Kellogg v. McFatter, 111 La. 1037, 36 South. 112; Bernstein v. Leeper, 118 La. 1098, 43 South. 889; Page v. Kidd, 121 La. 2, 46 South. 35. But this testimony is unsatisfactory, for the reason that the witness does not say that Thomason had no other property, but that the records did not show that he had any. This would ordinarily be sufficient evidence, but it is not so in this case for the reason that the same records did not show at that time that Thomason had even the property now in dispute, his title not having then been recorded; and, in the same way that he failed to record his title to the present property, he may have failed to record his title to some other 160 acres of land. We think justice requires that this case should be remanded for more satisfactory evidence on this point.

It may be well for this court to pass at this time upon another issue in the case, which is, as to the necessity, vel non, of the plaintiffs reimbursing defendant the price paid by Thomason to Mrs. Bender in the acquisition of the property now sued for. The sale by the executrix is likened by defendant to one of succession property whereof the price has gone towards paying the debts of the succession, but which, for some reason or other, is invalid. In such a case the heirs are not allowed to recover the property without reimbursing the price. Suffice it to say that nothing shows that the price of the sale in question went towards liberating the plaintiffs from any debt.

Judgment set aside, and case remanded for further evidence as stated in opinion. Plaintiffs and appellants to pay costs of appeal, and costs of lower court to abide final judgment.