(70 South. 425)

No. 20238.

BENDER et al. v. BAILEY.

(Dec. 13, 1915.)

*(Syllabus by the Court.)*

TAXATION ⟨⟩530—TAX SALE—PAYMENT OF TAXES.

A tax collector is without authority to sell property for taxes where said property has been doubly assessed, and the taxes thereon have been paid, regardless of who may have paid the taxes.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 985, 988; Dec. Dig. ⟨⟩530.]

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Action by C. M. Bender and others against Mrs. M. E. Bailey. From the judgment, defendant appeals. Affirmed.

E. W. Sutherlin and Blanchard & Smith, all of Shreveport, for warrantor appellant. Alexander & Wilkinson, of Shreveport, for plaintiffs appellants.

SOMMERVILLE, J. Plaintiffs allege that they are the owners of an interest in the property described in their petition, which was assessed to their ancestor, Gus Bender, in the year 1904; and, at the same time, was assessed in the name of L. A. Thomason, who had acquired an interest in the property in 1903; that the whole of said property was assessed to L. A. Thomason in the year 1904; that Thomason paid the taxes on the property for that year; and that, the tax collector, regardless of the fact that the taxes were paid, undertook to sell the property in the name of Gus Bender to a person by the name of Hunsicker. Plaintiffs now ask that the tax sale be annulled, on the ground that there was a dual assessment of their property in the year 1904, and the taxes on said property were paid for that year.

When the case was last before the court, it was said that if the property offered for sale for the taxes of 1904, in the name of Gus Bender, was the same as that assessed in the name of L. A. Thomason, that the tax sale was null, "for, after the taxes have been paid, no matter by whom, the tax collector is without authority to sell the property for taxes. Kellogg v. McFatter, 111 La. 1037, 36 South. 112; Bernstine v. Leeper, 118 La. 1098, 43 South. 889; Page v. Kidd, 121 La. 2, 46 South. 35. But this testimony is unsatisfactory, for the reason that the witness does not say that Thomason had no other property, but that the records did not show that he had any. This would ordinarily be sufficient evidence, but it is not so in this case for the reason that the same records did not show at that time that Thomason had even the property now in dispute, his title not having then been recorded; and, in the same way that he failed to record his title to the present property, he may have failed to record his title to some other one hundred and sixty acres of land." And the case was remanded for further evidence on this point. Bender v. Bailey, 130 La. 341, 57 South. 998.

The case has been tried a second time; and there has been judgment rendered in favor of plaintiffs, and against the defendant, recognizing them to be the owners of an undivided four-fifths of one-half interest in the property in question.

There was also judgment in favor of the defendant and against W. A. Thomason, who was called in warranty; but the warrantor has not appealed. Defendant only has appealed devolutively.

The evidence shows that while L. A. Thomason acquired the property in question, August 24, 1903, that the title was not recorded until November 15, 1905. It also shows that the property was assessed in the year 1904 in the name of Gus Bender, as the "south half of south half of section 17, township 22, range 15," 240; and that there was another assessment for the same year in the name of L. A. Thomason, as follows: "Number of

acres one hundred and sixty, $200.00, thirty six lots in Vivian, $500.00, eight mules, $280, two wagons, $50.00, sawmill, $800.00," without any description of the land beyond, "Number of acres one hundred and sixty," and that the taxes for the last referred to property were paid April 6, 1905.

Plaintiffs have now undertaken to prove that the property upon which Thomason paid the taxes for the year 1904 was the same property assessed to their ancestor, Gus Bender, for that same year.

There is no dispute as to the identity of the property; and plaintiffs have undertaken to show that L. A. Thomason was not the owner of any other 160 acres of land in the parish of Caddo, in the year 1904, of the same description, than the 160 acres purchased by him from Mrs. Bender, the mother of plaintiffs.

The records of the sheriff's office show that in 1905 the property in question was assessed to L. A. Thomason by the same description, "One hundred and sixty acres," and "that there is written over the face of said assessment the following words in red ink: 'Duplicate to Henry Hunsicker.'" Henry Hunsicker was the purchaser of the property sold as the property of Gus Bender for the taxes of 1904. So that it would appear from that record that there was a duplicate, or dual assessment, in 1905, one in the name of Thomason and the other in the name of Hunsicker, the tax purchaser.

J. D. Wilkinson, one of the attorneys for plaintiff, testified as follows: "I examined the records of this parish very carefully to ascertain what property L. A. Thomason had title to or owned in the year 1904, and he had title only to the property in dispute, the early part of that year, which he later conveyed to other parties"—which evidence was taken on the former trial of the cause. And it was agreed that all the evidence taken on that trial should be used in the present trial.

W. M. Mason, the manager of the Caddo Abstract Company, testified that he had made an examination to ascertain what property L. A. Thomason owned in the parish of Caddo, and recorded since 1900; and that he had some lots in Vivian and a few acres of land scattered around the oil field in small tracts, and a deed to the south half of the south half of section 27, township 22, range 15, and that was the only title that was ever recorded of a 160-acre tract in his name. The witness described the workings of the abstract office, and said that they could tell who owned any certain tract of land in the parish, and that he was satisfied that there was no other property owned by L. A. Thomason in the year 1904, when the 160 acres of land was assessed in his name.

S. T. Harrell testified that he remembered the time when L. A. Thomason bought the 160 acres of land in question; and he did not think that Thomason bought any other land at that time, in 1903; and that he was quite confident he would have heard of any such purchase if any had been made by Thomason.

S. A. Leonard, the clerk of court, testified that he had examined his records for the purpose of seeing whether L. A. Thomason owned any other land than the 160 acres in the year 1904, and that he did not; that he owned some 3-acre tracts, but no other large tract.

W. J. Thomason, a brother of L. A. Thomason, who attended to the business of L. A. Thomason, was called on behalf of defendant, and when asked if his brother had, in the year 1904, any other land in township 20, range 15, answered:

"He had a contract with R. D. Meade, for 160 acres of land with the timber on it."

But the contract referred to with Meade was for timber, and it never resulted in a deed of sale. Letters were exchanged between the parties, in which the witness testified that an agreement had been reached

as to the price, but it appears to have ended there. He further testified that the only 160 acres owned by his brother, L. A. Thomason, in 1904, in the parish of Caddo, were the 160 acres in controversy; that he made returns of his brother's property to be assessed, but, he thinks that he returned the Meade property, to which his brother had no title, instead of the property in question, to which his brother had title.

It is quite clear from the evidence of this last witness that L. A. Thomason was the owner of the 160 acres in question; that he was not the owner of any other large body of land in Caddo parish in the year 1904; that the assessment of the property to him, and the payment of the taxes thereon, relieved the property from the assessment and taxes in the name of Gus Bender for the same property, for the same year; that the tax sale was null; and that the property belongs to plaintiffs.

Judgment affirmed.