(127 So. 609)

**VERDINE et al. v. CARTER et al.**

No. 30175.

March 5, 1930.

Cullen R. Liskow, of Lake Charles, for appellant Calcasieu Oil Co., Inc.

Cline, Plauche & Girod, of Lake Charles, for appellant S. O. Carter.

Robert R. Stone, of Lake Charles, and Benckenstein & Benckenstein, of Beaumont, Tex., for appellees.

ROGERS, J.

Plaintiffs, nine in number, sue to annul a tax sale and to cancel a mineral lease. Defendants are the purchaser at the tax sale and the holder of the lease. The court below gave plaintiffs' judgment, and the defendants have appealed.

On December 24, 1904, the sheriff and ex officio tax collector of the parish of Cameron sold to one S. O. Carter a tract of land containing five acres situated on Hackberry Island in said parish. The sale was made for the unpaid taxes of 1903 under an assessment in the name of James B. Stark. Subsequently, Carter executed a mineral lease covering the property to one Charles G. Hooks, who, in turn, assigned the lease to the Calcasieu Oil Co., Inc.

Plaintiffs allege, and the court below found as a fact, that the taxes for the nonpayment of which the property was sold to S. O. Carter had been previously paid in the name of Desire Breaux.

The property assessed in 1903 in the name of James B. Stark, which was sold to the defendant S. O. Carter for alleged delinquent taxes for that year, was described as follows, viz.:

Lot 9 E. Doiron subdivision, sec. 36, Tp. 12, R. 10, No. acres 5, paid on December 24, 1904. Sold to S. O. Carter.

The assessment in the name of Desire Breaux for the year 1903, appears as follows, viz.:

Lot 9 Tp. 12, R. 9, No. acres 71.13, taxes paid March 17, 1904.

Desire Breaux was the record owner in 1901 of the following described property, viz.:

Lot 9 of Edmond Doiron subdivision of land in sec. 36, Tp. 12, R. 10 W., containing 71.13 acres more or less.

Desire Breaux acquired the above-described property by purchases from Valerie Doiron (Valmon Douaron) on February 26, 1901.

Valerie Doiron (Valmon Douaron) acquired the property in a partition in kind made on

March 12, 1883, among the nine children and heirs of whom he was one of Edmond Douaron (Doiron) and his wife Arsene Bonnett. The tract of land which was partitioned contained 653.27 acres and is located in Secs. 36, 37, 38, and 39, Tp. 12 S., R. 10 W. and Secs. 46, 47, 48 and 49 of Tp. 12 S., R. 9 W. in Cameron parish. The property was subdivided into nine lots, containing 71.13 acres each, and one of the lots was allotted to each heir. Valerie Doiron (Valmon Douaron) receiving lot No. 9.

Desire Breaux sold the property which he had purchased in February, 1901, from Valerie Doiron (Valmon Douaron), to George W. House and Augustus L. Lyons on April 22, 1901. George W. House sold five acres out of this tract of land to James B. Stark on July 24, 1901. However, the vendor House owned only an undivided one-half interest in the property thus sold. On February 17, 1902, James B. Stark sold to Edmond Doiron the five-acre tract in question.

Edmond Doiron sold the tract to E. Claude House on September 16, 1927. The vendee in this sale, E. Claude House, also acquired all the right, title, and interest in the property of Augustus L. Lyons on December 1, 1927. The interest of Lyons, which was conveyed by this sale, was the undivided one-half interest which had been acquired by Lyons from Desire Breaux on April 22, 1901, as hereinabove mentioned.

The wife of Edmond Doiron died prior to the execution of the deed of sale of the five-acre tract to E. Claude House, so that as a result of that transaction E. Claude House acquired only the undivided one-half interest of Edmond Doiron in the undivided one-half interest Doiron had acquired by mesne conveyance from George W. House.

The present suit was instituted by the eight children of Edmond Doiron and his deceased wife, Marie Louise Antoinette Doiron (born Derosia), asserting title as heirs of their mother, and by E. Claude House asserting title under his purchases from Edmond Doiron and Augustus L. Lyons.

James B. Stark never owned any more than an undivided one-half interest in the five-acre tract which was sold to S. O. Carter for the alleged unpaid taxes of 1903. At the time of this sale Stark had no interest in the property, having sold his interest to Edmond Doiron on February 17, 1902. The tract of land was actually owned in 1903 by Edmond Doiron and Augustus L. Lyons.

Desire Breaux had parted with his title to the entire 71.13 acres composing lot No. 9 of the E. Doiron subdivision in April, 1901. G. W. House and A. L. Lyons, who acquired from Breaux, were the owners of approximately thirty-five acres of the entire tract of 71.13 acres in 1903.

It appears that the assessor of the parish continued to assess the whole tract of 71.13 acres, necessarily including the five-acre tract in which James B. Stark had acquired an undivided one-half interest, to Desire Breaux, and it was so assessed for the year 1903. The taxes based on this assessment were paid, very likely, by G. W. House and A. L. Lyons, who had retained title to more than one-half of the acreage contained in lot No. 9. Be that as it may, the payment of these taxes was the payment of the taxes on the five acres of land owned by Edmond Doiron and Augustus L. Lyons, which were erroneously assessed in the name of James B. Stark and sold under said assessment to the defendant S. O. Carter.

Defendant contends that the assessment in the name of Desire Breaux does not in-

clude the land in dispute, because lot No. 9 of the Doiron subdivision is in Tp. 12 S., R. 10 W., whereas the lot 9 referred to in the Breaux assessment is in Tp. 12, S., R. 9 W.

█ The well-settled rule is that the payment of taxes under an assessment in any name, containing an erroneous description, will defeat a tax sale, if the proof shows that the description set forth in the assessment on which the taxes are paid actually covers the property sold. Kellogg v. McFatter, 111 La. 1037, 36 So. 112; Bernstine v. Leeper, 118 La. 1098, 43 So. 889.

██ The evidence in the record shows that lot 9 of the E. Doiron subdivision is situated in Tp. 12 S., R. 9 W. and Tp. 12 S., R. 10 W. Lots 1 and 2 and part of lot 3 lie in range 9 and a portion of lot 3 and lots 4, 5, 6, 7, 8, and 9 lie in range 10. Nevertheless, the evidence in the record also shows that Desire Breaux never owned and was never assessed with any land in Cameron parish other than lot No. 9 of the E. Doiron subdivision. Nor were G. W. House and Augustus L. Lyons assessed for any other property in Cameron parish for the year 1903.

Error in the range is immaterial where by other parts of the description, and even by competent proof aliunde, the land is identified. Willis v. Ruddock Cypress Co., 108 La. 255, 32 So. 386.

The subdivision of land numbered 9, in Tp. 12 S., R. 9 W., containing 632.40 acres lies east of Calcasieu lake, whereas lot No. 9 of the E. Doiron subdivision, containing 71.13 acres, lies west of the lake. The other lot numbered 9, in Tp. 12 S., R. 9 W., is in section 33. This lot in 1903 was assessed to the Gulf Land Company, and the taxes paid on it.

We agree with the conclusion reached by the judge of the district court, that Desire Breaux, or some one in his name, paid the

taxes for the year 1903 on lot nine of the E. Doiron subdivision, including the five-acre lot sold in the name of James B. Stark, and that, as a consequence thereof, the sale to the defendant S. O. Carter, is null.

For the reasons assigned, the judgment appealed from is affirmed.